UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHAWN MATHIS GILLIAM,

    Plaintiff,

v.   Case No. 1:22-cv-188-AW-MJF

NORTH FLORIDA EVALUATION AND
TREATMENT CENTER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with a court order, failed to prosecute this action, and failed to pay the filing fee, the District Court should dismiss this action without prejudice.

On August 15, 2022, the undersigned ordered Plaintiff to submit a complete application for leave to proceed *in forma pauperis* or pay the filing fee. Doc. 5 at 3–4. The undersigned provided Plaintiff until September 15, 2022, to comply and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.*

On September 12, 2022, Plaintiff submitted a motion for leave to proceed *in forma pauperis*. Because the motion was deficient, on September 15, 2022, the undersigned provided Plaintiff one final opportunity to submit a properly completed

application to proceed *in forma pauperis* or pay the filing fee. Doc. 7. The undersigned provided Plaintiff until October 17, 2022, to comply. The undersigned again warned Plaintiff that the failure to comply timely with the order likely would result in dismissal of this action. Plaintiff did not comply with that order.

On October 31, 2022, the undersigned ordered Plaintiff to show cause for his failure to comply with the undersigned's orders, failure to pay the filing fee or move for leave to proceed *in forma pauperis*, and failure to prosecute. The undersigned provided Plaintiff until November 30, 2022, to comply. The undersigned warned Plaintiff for a third time that the failure to comply with the order likely would result in dismissal of this action. As of the date of this report and recommendation, Plaintiff has not complied with that order.

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). Because Plaintiff failed to comply with court orders, failed to prosecute this action, and failed to pay the filing fee, the undersigned respectfully **RECOMMENDS** that the District Court:

    1.    **DISMISS** this action without prejudice for failure to comply with court orders, failure to prosecute, and failure to pay the filing fee.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 13th day of December, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**